UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE LIN et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUAVEI, INC. et al., <br><br> Defendants. | Case No.:  20cv862-L(AHG) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

In this fraud action Plaintiffs allege federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.  (Compl. at 4.)  Because it appears on the face of the complaint that complete diversity is lacking, the action is dismissed with leave to amend to allege subject matter jurisdiction.

Unlike state courts,

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Plaintiff relies on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants.  Under section 1332(a), diversity jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states."  To meet the requirement of diversity of citizenship, the complaint must show "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).  This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*  The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names multiple plaintiffs and defendants.  With regard to the parties who are natural persons, the complaint alleges only their state of residence.  "The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857.  Failure to properly allege citizenship of natural persons alone supports a finding that diversity jurisdiction was not sufficiently alleged. *See id.* at 858; *see also Rainero v. Archon Corp.*, 844 F.3d 832,839-40 (9th Cir. 2016). Even so, several plaintiffs are alleged to reside in California, as is Defendant Alison Wong (Compl. at 3-4), suggesting that complete diversity of citizenship is lacking.

Finally, Defendant Suavei, Inc. ("Suavei") is a corporation. A corporation" is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). While the complaint alleges Suavei's state of incorporation, it does not allege the state of its principal place of business. (Compl. at 4 ("purported offices").)

Because the complaint does not allege the facts necessary to establish diversity, it is dismissed for lack of subject matter jurisdiction. Plaintiffs are granted leave to file an amended complaint to properly allege subject matter jurisdiction. *See* 28 U.S.C. §1653. If Plaintiffs choose to file an amended complaint, they must do so no later than **May 26, 2020**.

**IT IS SO ORDERED.**

Dated: May 8, 2020

_____
Hon. M. James Lorenz
United States District Judge