**WARREN TERZIAN LLP**
Dan Terzian (SBN 283835)
*dan.terzian@warrenterzian.com*
Erick Kuylman (SBN 313202)
*erick.kuylman@warrenterzian.com*
700 S. Flower St., Suite 1000
Los Angeles, CA 90017
T: (213) 410-2620

*Counsel for Defendants*
*Suavei, Inc., Afonso Infante, and Allison Wong*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jade Lin**, an individual; **Jay Li**, an individual; **Minh Hong**, an individual; et al., | Case No. 3:20-cv-00862-L-AHG |
| | Hon. M. James Lorenz |
| Plaintiffs, | **Defendant Suavei, Inc.'s Third Party Complaint Against Frank DeJoy for: (1) Indemnity, (2) Contribution, (3) Breach of Contract, (4) Breach of Duty of Loyalty, and (5) Declaratory Judgment** |
| v. | |
| **Suavei, Inc.**, a Delaware Corporation; **Afonso Infante**, an individual; **Allison Wong**, an individual; and **Does 1-10**, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| **Suavei, Inc.**, a Delaware corporation., | |
| Third Party Plaintiff, | |
| v. | |
| **Frank DeJoy**, an individual, | |
| Third Party Defendant. | |

Defendant and Third Party Plaintiff Suavei, Inc. ("Suavei") brings this Third Party Complaint against Third Party Defendant Frank DeJoy.

## I. Introduction

1. Suavei is a promising cybersecurity startup. Its software finds and neutralizes vulnerabilities in networks. Through AI and machine learning, Suavei's proprietary software creates a three-click solution to cyberthreats.

2. In February 2019, Suavei retained DeJoy to serve as its CEO. In that role, DeJoy raised funding for Suavei, which included the convertible notes executed by Plaintiffs in this action.

3. Plaintiffs are not your typical VCs. They are all friends and family in DeJoy's personal network. Take Plaintiff Hong. She is DeJoy's domestic and business partner. Another example: Plaintiff Daly-DeJoy is Frank DeJoy's in-law.

4. In February 2020, Suavei and DeJoy could no longer work together, and DeJoy resigned.

5. Despite resigning, DeJoy was enraged about leaving Suavei. He knew Suavei was facing a near-term opportunity of a billion-dollar acquisition. So he attempted a stock grab and baselessly threatened Suavei in an attempt to extract more stock.

6. When Suavei refused, DeJoy started a proxy war. He convinced his personal network—the noteholders—to turn on Suavei and fed them meritless talking points to aid that battle. In his mind, if he could threaten Suavei would losing its runway (by the lenders taking back their money), Suavei would have no choice but to capitulate.

7. Shortly after that, Suavei (through founder Afonso Infante) had a call with two noteholders. The call was hostile, and they raised the meritless talking points that DeJoy fed them.

8. Now those noteholders have sued Suavei in this action for fraud.

9. Yet even if Suavei is liable (it's not), it's liability is entirely derivative of DeJoy's. He spoke with the noteholders. He made the representations. He crafted them. If there is a fraud here, it was committed by him.

## II. Parties

10. Suavei is a Delaware corporation with its principal place of business in Nevada.

11. DeJoy is a natural person domiciled in California. He resides in San Diego County, California.

## III. Jurisdiction

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because this Third Party Complaint is related to the claims in the complaint such that they form part of the same case or controversy.

13. Exercising supplemental jurisdiction is not inconsistent with 28 U.S.C. § 1332 because DeJoy is not an indispensable party to the complaint brought by Plaintiffs. *See Odyssey Reinsurance Co. v. Nagby*, Case No. 16-CV-03038-BTM-WVG, 2019 WL 1098955 at *4 (S.D. Cal. Mar. 7, 2019).

14. This Court also has diversity jurisdiction. Suavei is a corporation incorporated in Delaware and has its principal place of business in Nevada. DeJoy is a California citizen.

15. This Court has personal jurisdiction over DeJoy because he is a citizen of California.

## IV. Venue

16. Venue is proper because venue in the main action is proper in this district.

17. Venue is also proper because DeJoy is a resident of San Diego County, California.

## V. Factual Allegations

### A. DeJoy's Contract

18. In February 2019, DeJoy and Suavei entered a contract for DeJoy to serve as Suavei's CEO.

19. Under paragraph 6 of the contract, DeJoy represented and warranted that "Services shall be performed in a professional manner and in accordance with industry standards . . . ."

20. At the time of entering the contract, Suavei and DeJoy intended paragraph 6 to mean, among other things, that DeJoy would not commit any torts in his obtaining funding for Suavei. They also understood the contract to, in fact, have this meaning.

21. Under paragraph 10 of the contract, DeJoy agreed "to indemnify [Suavei] from any and all loss or liability incurred by reason of the alleged breach by [DeJoy] of any services agreement with any third party."

22. At the time of entering the contract, Suavei and DeJoy intended paragraph 10 to mean, among other things, that "services agreement with any third party" included convertible notes signed by DeJoy on Suavei's behalf (as those are effectively monetary services). Suavei and DeJoy intended "alleged breach" to broadly mean any allegations of wrongful conduct relating to that agreement—whether in contract or in tort. Suavei and DeJoy understood the contract to, in fact, have these meanings.

### B. DeJoy's Notes

23. Over the period of May 2019 to November 2019, DeJoy convinced Plaintiffs in this action to loan money to Suavei via convertible notes.

24. This effort was DeJoy's alone. He found Plaintiffs. He crafted the pitches. He coordinated with Plaintiffs. He drafted the convertible notes. He obtained Plaintiffs' signatures. And he signed the notes.

25. No one else at Suavei was involved in this.

### C. DeJoy's Proxy War

26. On February 6, 2020, DeJoy resigned from Suavei. As part of his stated reasons for resigning, DeJoy referenced various talking points he perceived relating to:

- Afonso Infante and Allison Wong's marriage to each other;
- Infante's work with another company; and
- Suavei's patent portfolio.

27. The talking points raised by DeJoy were meritless.

28. A couple weeks later, Infante had a conference call with Plaintiffs Li and Lin. Li and Lin raised the same meritless talking points that DeJoy had raised.

29. The only way Li and Lin would have learned of DeJoy's meritless talking points was if DeJoy told them to Li and Lin, or to another Plaintiff. Plaintiff Hong is DeJoy's domestic and business partner, and they are very close.

30. On information and belief, DeJoy informed Li, Lin, and/or Hong of his meritless talking points. DeJoy is engaging in a proxy war against Suavei. He is attempting to extort more stock out of Suavei. And to increase his leverage and chance of success, he is feeding (incorrect) information to Plaintiffs, in an effort to get them to (wrongly) sue Suavei.

31. This conspiratorial proxy war is illustrated by the facts that: (1) in executing the convertible notes, Plaintiffs worked solely with DeJoy, yet (2) Plaintiffs sued everybody *but* DeJoy.

## VI. Causes of Action

### FIRST CAUSE OF ACTION
### Indemnity

32. Suavei realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. DeJoy has both a contractual and an equitable duty to indemnify Suavei.

34. Although Suavei denies any liability whatsoever to Plaintiffs, to the extent that Suavei is held liable or responsible for any damages in this action, DeJoy is legally responsible for any such damages as a result of his tortious acts and omissions.

35. If Suavei is found liable on Plaintiffs' operative complaint, that liability is solely derivative of DeJoy.

36. The only way Suavei can be liable to Plaintiffs in this action is if DeJoy committed the torts alleged in Plaintiffs' operative complaint. Therefore, any liability of Suavei is vicarious, passive, or derivative only.

37. If Suavei is found liable to Plaintiffs in this action, Suavei is harmed, and DeJoy's conduct is a substantial factor in causing that harm.

### SECOND CAUSE OF ACTION
### Contribution

38. Suavei realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

39. Although Suavei denies any liability whatsoever to Plaintiffs, to the extent that Suavei is held liable or responsible for any damages in this action, DeJoy is legally responsible for any such damages as a result of his tortious acts and omissions.

40. If Suavei is found liable on Plaintiffs' operative complaint, that liability is derivative of DeJoy, and DeJoy's conduct would have contributed to Suavei's liability.

41. If Suavei is found liable on Plaintiffs' operative complaint, that liability is derivative of DeJoy, and DeJoy's conduct is responsible for a part of Suavei's liability.

42. The only way Suavei can be liable to Plaintiffs in this action is if DeJoy committed the torts alleged in Plaintiffs' operative complaint. Therefore, any liability of Suavei is derivative to some extent of DeJoy's liability.

43. If Suavei is found liable to Plaintiffs in this action, Suavei is harmed, and DeJoy's conduct is a substantial factor in causing that harm.

### THIRD CAUSE OF ACTION
**Breach of Contract**

44. Suavei realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

45. Suavei and DeJoy entered into a contract.

46. Suavei did all, or substantially all, of the significant things that the contract required it to do, or was excused from having to do those things.

47. The contract required DeJoy to perform services a professional manner and in accordance with industry standards.

48. Although Suavei denies any liability whatsoever to Plaintiffs, to the extent that Suavei is held liable or responsible for any damages in this action, DeJoy would have breached his contractual obligation to perform services in a professional manner and in accordance with industry standards. The sole reason Suavei was sued was because of DeJoy's conduct. If DeJoy performed his services in a professional manner and in accordance with industry standards, Suavei would not have been sued.

49. The contract also required that DeJoy indemnify Suavei from any loss or liability incurred by DeJoy's alleged commission of wrongful conduct relating to the notes.

50. Suavei has already incurred losses (in the form of legal fees) from DeJoy's alleged commission of wrongful conduct relating to the notes. DeJoy has not indemnified Suavei for those losses, and DeJoy has breached the contract.

51. Suavei has been harmed.

52. DeJoy's breach of contract was a substantial factor in causing Suavei's harm.

## FOURTH CAUSE OF ACTION
**Breach of Duty of Loyalty**

53. Suavei realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

54. DeJoy owed Suavei a duty of loyalty.

55. Suavei breached that duty by knowingly acting against Suavei's interests in matters related to his duties and conduct at Suavei.

56. Suavei did not give informed consent to DeJoy's conduct.

57. Suavei was harmed.

58. DeJoy's conduct was a substantial factor in causing Suavei's harm.

## FIFTH CAUSE OF ACTION
**Declaratory Judgment**

59. Suavei realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

60. There is a genuine and bona fide dispute and actual controversy and disagreement between Suavei and DeJoy regarding whether:

- DeJoy has a duty to indemnify Suavei for this action;
- DeJoy has a duty of contribution for this action;

WARREN TERZIAN LLP

8
Suavei's Third Party Complaint

- DeJoy breached his contract with Suavei; and
- DeJoy breached his duty of loyalty to Suavei.

61. Suavei requests that the Court enter a declaratory judgment declaring the following:

- DeJoy has a duty to indemnify Suavei for any damages and costs award issued in Plaintiffs' favor in this action (or alternatively of any settlement sum of that action);
- (alternatively) DeJoy has a duty to indemnify Suavei for a certain percentage portion (as determined by this Court) of any damages and costs award issued in Plaintiffs' favor in this action (or alternatively of any settlement sum of that action);
- DeJoy has a duty to indemnify Suavei for all its legal fees incurred in defending the action brought by Plaintiffs; and
- DeJoy breached his duty of loyalty to Suavei.

## VII. Prayer for Relief

62. Suavei demands judgment against DeJoy as follows:

a. An award of compensatory, special, and punitive damages in appropriate amounts to be established at trial;

b. Legal fees and costs; and

c. Such other and further relief as the Court may deem just and proper.

Dated: June 17, 2020                    **WARREN TERZIAN LLP**

                                                            _____
                                                            Dan Terzian

                                                            *Counsel for Defendants*
                                                            *Suavei, Inc., Afonso Infante,*
                                                            *and Allison Wong*