Michael P. McCloskey, Esq. (SBN 106051)
Drew S. Bruff, Esq. (SBN 330330)
**WILSON, ELSER, MOSKOWITZ,**
  **EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
E-mail: michael.mccloskey@wilsonelser.com
        drew.bruff@wilsonelser.com

Attorneys for Defendant/Counter-Defendant/Third-Party Plaintiff,
SUAVEI, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jade Lin, an individual; Jay Li, an individual; Minh Hong, an individual; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Suavei, Inc., a Delaware Corporation; Afonso Infante, an individual; Allison Wong, an individual; and Does 1-10, inclusive, <br><br> Defendants. | CASE NO. 3:20-cv-00862-L-AHG <br><br> **COUNTER-DEFENDANT SUAVEI, INC.'S ANSWER TO COUNTER-CLAIMANT FRANK DEJOY'S COUNTERCLAIM** <br><br> Complaint Filed: 5/07/20 <br> Third Party Complaint Filed: 6/17/20 |
| Suavei, Inc., a Delaware corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Frank DeJoy, an individual, <br><br> Third-Party Defendant. | |
| Frank DeJoy, an individual, <br><br> Counter-Claimant, <br><br> v. <br><br> Suavei, Inc., a Delaware Corporation, <br><br> Counter-Defendant. | |

Counter-Defendant Suavei, Inc. ("Suavei") answers Counter-Claimant Frank DeJoy's counterclaim as follows.

## I.   JURISDICTION AND VENUE

1. Paragraph 1 asserts a legal conclusion to which no response is required. To the extent a response is required, denied. Further, Suavei refers to the referenced statute for its full and complete contents and denies all allegations in Paragraph 1 to the extent inconsistent therewith.

2. Paragraph 2 asserts a legal conclusion to which no response is required. To the extent a response is required, denied. Further, Suavei refers to the referenced statute for its full and complete contents and denies all allegations in Paragraph 2 to the extent inconsistent therewith.

3. Paragraph 3 asserts a legal conclusion to which no response is required. To the extent a response is required, denied. Further, Suavei refers to the referenced statute for its full and complete contents and denies all allegations in Paragraph 3 to the extent inconsistent therewith.

## II.   PARTIES

4. Suavei lacks knowledge sufficient to form a belief about the truth of this allegation and denies on that basis.

5. Admit.

6. Suavei lacks knowledge sufficient to form a belief about the truth of this allegation and denies on that basis.

## III.   GENERAL ALLEGATIONS

7. Admit that a business plan from October 2018 stating Afonso Infante, Allison Wong, and Michael Wiser were working at Suavei full-time was sent to DeJoy. Except as otherwise expressly admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

///

8. Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

9. Admit.

10. Admit.

11. Deny that Exhibit A to Docket #28-1 is the Chief Executive Officer Agreement or Project Assignment #1 Under CEO Agreement.  Admit that Exhibit A entitled "Project Assignment #1 Under CEO Agreement," which is attached to the Chief Executive Officer Agreement effective as of February 25, 2019, summarizes the provisions outlined in Paragraph 11 of DeJoy's Counterclaim.  Suavei refers to Exhibit "A" of the CEO Agreement for its complete content and denies the allegations in Paragraph 11 to the extent they are inconsistent with such content.

12. Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

13. Admit Dejoy was to fundraise and bring on early adopter enterprise customers.  Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

14. Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

15. Admit Infante worked at F5 Networks. Admit Infante did not speak with investors or customers from December 1, 2019 until February 2020.  Admit DeJoy and Minh Hong offered Infante a salary. Admit Infante directed DeJoy and Hong take personal time off until January 2020.  Admit Infante issued an email terminating Hong of her advisory duties and closed her email account.  Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

16. Admit Infante worked at F5 Networks. Admit Infante did not speak with investors or customers from December 1, 2019 until February 2020.  Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the

truth of this allegation and denies on that basis.

17. Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

18. Admit Suavei secured a spot at the EvoNexus startup incubator program. Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

19. Admit.

20. Deny.

21. Admit that due to DeJoy's departure, Suavei had to forfeit the remainder of its 24-month program with EvoNexus. Admit Dejoy offered Co-Founders the opportunity to "cure the issues" outlined in his resignation letter. Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

22. Admit.

23. Admit Wong disclosed to DeJoy at the Black Hat conference that Infante was working at F5 Networks. Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

24. Admit Wong disclosed that she was married to Infante in October 2019. Except as so admitted, Suavei lacks knowledge or information sufficient to form a belief about the truth of this allegation and denies on that basis.

25. Deny.

26. Admit DeJoy was advised Infante was working at Suavei full-time at the date of DeJoy's hire. Except as so admitted, denied.

27. Admit the statement in the first bullet point was made in a Suavei business plan from October 2018 and statement in the second bullet point was made in a PRWED Press Release from San Francisco, July 10, 2018. Suavei refers to these documents for their complete content and denies the allegations in Paragraph 27 to

the extent they are inconsistent with such content.  Admit that in October 2019 a prospective investor asked what tool Suavei was using to containerize the software and Infante stated that the architecture was not implemented.  Except as so admitted, Suavei lacks sufficient knowledge or information to form a belief about the truth of this allegation and denies on that basis.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contract)

28.     In response to Paragraph 28, Suavei incorporates its responses to Paragraphs 1 through 27 of the Counterclaim, as though fully set forth herein.

29.     Deny.

30.     Deny.

31.     Admit the CEO Contract expressly provides that DeJoy's duties as CEO included "Review of provisional patents and patent strategy, pipeline, and funding requirements." Suavei refers to this document for its complete content and denies the allegation in Paragraph 31 to the extent it is inconsistent with such content.  Except as otherwise admitted, denied.

32.     Admit the CEO contract expressly provides that DeJoy's duties include "[c]omplete funding round." Suavei refers to this document for its complete content and denies the allegation in Paragraph 32 to the extent it is inconsistent with such content.  Except as otherwise admitted, denied.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Inducement)

37.     In response to Paragraph 37, Suavei incorporates its responses to Paragraphs 1 through 36 of the Counterclaim, as though fully set forth herein.

38. In response to Paragraph 38, Suavei incorporates its response to Paragraph 27 as if fully set forth herein. Admit that the phrase "Unlimited Scalability" was written in a Suavei business plan from October 2018 and the business plan was sent to DeJoy prior to his start as CEO. Except as otherwise admitted, denied.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Suavei does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. For affirmative defenses to the counterclaim, Suavei asserts as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Counterclaim, and each purported claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Suavei and further fails to state facts sufficient to entitle Counter-Claimant to the relief sought, or to any other relief whatsoever, from Suavei.

## SECOND AFFIRMATIVE DEFENSE
### (Performance Excused)

2. Suavei asserts that the claims made in the Counterclaim are barred, in whole or in part, to the extent any duty or obligation has been excused by reason of failure of consideration, breach, prevention of performance, and frustration of

purpose.

## THIRD AFFIRMATIVE DEFENSE
### (Privilege/Justification)

3. DeJoy's claims are barred, in whole or in part, because Suavei's actions were privileged, justified, excused, were taken for a legitimate business reason not prohibited by law, and/or because Suavei at all times acted in good faith and did not directly or indirectly perform any act that would constitute a violation of any right of DeJoy.

## FOURTH AFFIRMATIVE DEFENSE
### (Contributory Negligence/Comparative Negligence)

4. Counter-Claimant's damages, if any, were proximately caused by the acts or omissions of Counter-Claimant.

## FIFTH AFFIRMATIVE DEFENSE
### (Acts of Third-Parties/Others)

5. If DeJoy suffered loss or damage, which Suavei denies, then said loss or damage was due to the fault of persons and entities other than Suavei and said fault is either imputed to DeJoy by reason of the relationship of said parties to DeJoy and/or said fault shall be diminished in proportion to the amount attributed to said third-parties/others.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

6. At all times and places mentioned in the Counterclaim herein, DeJoy failed to mitigate the amount of his damages. The damages claimed by DeJoy could have been mitigated by due diligence on his part or by one acting under similar circumstances. DeJoy's failure to mitigate is a bar to recovery under the Counterclaim.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Offset)

7. Any recovery DeJoy may be entitled to in this action, if any, which is denied, should be offset to the extent of DeJoy's and his agents' own negligent, reckless, and/or intentional actions and/or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. No relief may be obtained under the Counterclaim by reason of the doctrine of unclean hands and by reason of the unconscionability of Counter-Claimant's acts and claims.

## PRAYER FOR RELIEF

WHEREFORE, Suavei prays as follows:

1. that DeJoy takes nothing by reason of the Counterclaim;
2. that the Counterclaim be dismissed, with prejudice, against Suavei;
3. that Suavei be awarded its costs incurred in defense of this matter;
4. that Suavei be awarded reasonable attorney's fees and expenses; and

for all such other and further relief as the Court deems just and proper.

Dated:  **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

By: */s/ Michael P. McCloskey*
Michael P. McCloskey, Esq.
Drew S. Bruff, Esq.
Attorneys for Defendant/Counter-Defendant/Third-Party Plaintiff,
SUAVEI. INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1900, San Diego, California, 92101.

On September 11, 2020, I caused to be served the following document(s):

**COUNTER-DEFENDANT SUAVEI, INC.'S ANSWER TO COUNTER-CLAIMANT FRANK DEJOY'S COUNTERCLAIM**

on the following parties in this action:

*Attorneys for Third-Party Defendant FRANK DEJOY*
STEPHEN J. ERIGERO (SBN 121616)
TAHEREH MAHMOUDIAN (SBN 217120)
**ROPERS MAJESKI PC**
445 South Figueroa St, 30th Floor
Los Angeles, CA  90071
Telephone:   213.312.2000
Facsimile:    213.312.2001
Email:          stephen.erigero@ropers.com
Email:          tahereh.mahmoudian@ropers.com

By the following method of service:

**FEDERAL:**

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

☒ **BY ELECTRONIC TRANSMISSION VIA NEXTGEN/ECF**
I electronically filed the foregoing document(s) with the Clerk of the Court through the NextGen/ECF system for the Southern District Court of the United States, which system sent Notification of Electronic Filing to the persons listed on the Court's service list for this case. Upon completion of transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by the NextGen/ECF system.

Executed on September 11, 2020, at San Diego, California. I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

                                            */s/ Irene Gonzales*
                                            Irene Gonzales