UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE LIN, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SUAVEI, INC., AFONSO INFANTE, and ALISON WONG,<br><br>　　　　　　　　　　Defendants.<br>―――――――――――――――――<br>SUAVEI, INC.,<br>　Third-Party Plaintiff/Counter Defendant,<br><br>v.<br><br>FRANK DEJOY,<br>　Third-Party Defendant/Counter Claimant. | Case No.:  3:20-cv-862-L-AHG<br><br>**ORDER MEMORIALIZING TENTATIVE RULINGS ON THIRD-PARTY SUBPOENA DISPUTES AND SETTING DEADLINE FOR PARTIES TO SERVE DEPOSITION NOTICES** |

The Court held a Discovery Conference in this matter on January 5, 2022, to address all outstanding disputes between Plaintiffs and Defendants Suavei, Inc. ("Suavei") and Afonso Infante ("Infante") regarding subpoenas that Plaintiffs served on third parties Allison Wong, Mike Wiser, Band of Angels Acorn Fund LLC, Incisive Ventures LP, and Expert Dojo, Inc. *See* ECF Nos. 62, 63. During the hearing on January 5, the Court reviewed the disputed requests and provided guidance and tentative opinions to the parties on each one. In addition, the Court discussed the status of the parties' depositions and set a firm deadline for deposition notices to be served. This Order memorializes the Court's rulings during the conference.

### I. Allison Wong Subpoena

The Court first reviewed the disputed requests in the subpoena served on Allison Wong ("Wong Subpoena"). Defendants did not object to Requests 1-3, 11-12, or 14-16. Therefore, the Court gave tentative rulings only on Requests 4-10 and 13.

As explained during the hearing, the Court would likely deny a motion to compel as to Requests 4-10, which seek the following documents from Ms. Wong:

> 4. All documents referring to the use of funds loaned to Suavei from the formation of Suavei to the time you respond to this Request for Production.
>
> 5. Produce Your personal state and federal tax returns for the years 2019 and 2020.
>
> 6. Produce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, from January 2019 to the present, related to Your Bank of America, National Association account bearing account number [redacted].
>
> 7. Produce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, from January 2019 to the present, related to Your JP Morgan Chase Bank, National Association account bearing account number [redacted].

8. Produce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, from January 2019 to the present, related to Your TD Ameritrade, Inc. account bearing account number [redacted].

9. Produce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, from January 2019 to the present, related to Your E*Trade Financial Holdings, LLC account bearing account number [redacted].

10. Produce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, regarding Formula Funding from January 2019 to the present.

The Court explained its tentative ruling on Request 5 is based on the Court's impression that Ms. Wong's tax returns are not relevant and would violate her right to privacy under California law. With respect to Requests 4 and 6-10, the Court explained that Plaintiffs already have the relevant information they need from Defendant Suavei's financial records. From those bank records, Plaintiffs will be able to ascertain whether money was transferred to Ms. Wong and in what amounts, and they will be able to depose Ms. Wong to determine how the money was used thereafter and whether the transfer of money to her was documented, which is sufficient information to develop their fraud claims against Suavei. Moreover, to the extent these requests seek information beyond the transfer of Suavei funds to Ms. Wong, they raise the same privacy concerns as Request 5. Requests 4-10 seek the kind of detailed personal financial information to which Plaintiffs would only be entitled if they had a judgment against Ms. Wong.

Request 13 in the Wong Subpoena seeks "[a]ll records of compensation, including expense reimbursement, from Suavei from January 2019 to the present." The Court would be inclined to grant a motion to compel this information. Ms. Wong's compensation records are relevant to test Plaintiffs' theory that she defrauded them when soliciting their investments for the stated purpose of product development, if she instead diverted the

invested funds for her personal use. Further, Ms. Wong's privacy interest does not outweigh the relevance of these records. Although Ms. Wong is no longer a defendant, she held a management position at Suavei, and thus her intent would still be relevant to Plaintiffs' fraud claims.

## II. Band of Angels Subpoena

Plaintiffs made the following request in the subpoena served on Band of Angels Acorn Fund LLC ("Band of Angels"): "Produce all documents, including but not limited to pitch materials, due diligence materials, email and text communications, investment contracts and terms, bank account and wiring instructions, whether hard copy or electronic data, from January 2019 to the present, related to Afonso Infante or Suavei, Inc."[1]

The parties tentatively reached an agreement that the third parties could provide Plaintiffs with pitch materials, due diligence materials, communications, and contracts, but disagreed about whether bank account and wiring instructions should be produced. Considering that Band of Angels may have made other investments with Infante that are unrelated to Suavei, the Court tentatively ruled that all documents requested should be produced only if they relate to Suavei.

With respect to the bank account and wiring instructions, the relevant information that Plaintiffs are entitled to obtain is the date and amount of any investment. Therefore, Plaintiffs should be reasonable in accepting alternative forms of the same information if Band of Angels prefers to provide that information in a format that does not include bank account information. Band of Angels may produce information subject to the Protective Order in this case with appropriate redactions and an "attorney's eyes only" designation. The deadline for Band of Angels to produce responsive documents is **January 19, 2022**.

---

[1] The subpoenas served on Expert Dojo, Formula Funding, and Incisive Ventures all contain identical or substantially similar requests. For clarity and thoroughness, the Court will address each request separately herein. However, the Court's ruling on each request is the same.

If meeting that deadline is not feasible, Band of Angels should contact the Court at efile_goddard@casd.uscourts.gov in order to request an extension. Plaintiffs are responsible for providing a copy of this Order and notice of the production deadline to Band of Angels.

### III. Expert Dojo Subpoena

Plaintiffs made the following two requests in the subpoena served on Expert Dojo:

    1.    Produce all documents, including but not limited to pitch materials, due diligence materials, email and text communications, investment contracts and terms, bank account and wiring instructions, whether hard copy or electronic data, from January 2019 to the present, related to Afonso Infante or Suavei, Inc.

    2.    Produce all documents supporting you claim that "[i]n 2020, Suavei did $300k ARR and this year will end with $20M in booked revenue with NO REAL INVESTMENT NEEDED," as set forth in the attached newsletter: [url redacted].

The Court tentatively ruled that Expert Dojo should produce all requested documents that relate to Suavei. Plaintiffs' counsel agreed to email counsel for Expert Dojo a copy of the press release at issue in the second request.

With respect to the bank account and wiring instructions, the relevant information that Plaintiffs are entitled to obtain is the date and amount of any investment. Therefore, Plaintiffs should be reasonable in accepting alternative forms of the same information if Expert Dojo prefers to provide that information in a format that does not include bank account information. Expert Dojo may produce information subject to the Protective Order in this case with appropriate redactions and an "attorney's eyes only" designation. The deadline for Expert Dojo to produce responsive documents is **January 19, 2022**. If meeting that deadline is not feasible, Expert Dojo should contact the Court at efile_goddard@casd.uscourts.gov in order to request an extension. Plaintiffs are

responsible for providing a copy of this Order to Expert Dojo.[2]

### IV.  Incisive Ventures Subpoena

Like the subpoenas of Expert Dojo and Band of Angels, Plaintiffs' subpoena of Incisive Ventures contains the following request: "Produce all documents, including but not limited to pitch materials, due diligence materials, email and text communications, investment contracts and terms, bank account and wiring instructions, whether hard copy or electronic data, from January 2019 to the present, related to Afonso Infante or Suavei, Inc."

The Court issued the same tentative ruling that the requested information should be produced to the extent it relates to Suavei. With respect to the bank account and wiring instructions, the relevant information that Plaintiffs are entitled to obtain is the date and amount of any investment. Therefore, Plaintiffs should be reasonable in accepting alternative forms of the same information if Incisive Ventures prefers to provide that information in a format that does not include bank account information. Incisive Ventures may produce information subject to the Protective Order in this case with appropriate redactions and an "attorney's eyes only" designation. The deadline for Incisive Ventures to produce responsive documents is **January 19, 2022**. If meeting that deadline is not feasible, Incisive Ventures should contact the Court at efile_goddard@casd.uscourts.gov in order to request an extension. Plaintiffs are responsible for providing a copy of this Order and notice of the production deadline to Incisive Ventures.

### V.  Formula Funding Subpoena

Plaintiffs' subpoena of Formula Funding requests that Formula Funding "[p]roduce all documents, including but not limited to bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, whether hard copy or electronic data, from January 2019 to the present, related to loan applicant Afonso Infante or Suavei, Inc."

---

[2] Counsel for Expert Dojo attended the Discovery Conference and has therefore been informed of the relevant production deadline.

Similar to the Court's rulings on the Expert Dojo and Band of Angels subpoenas, the Court's tentative ruling is that the requested information should be produced to the extent it relates to Suavei. With respect to the bank statements, withdrawals, deposits, transfers, loan applications, and loan agreements, the relevant information that Plaintiffs are entitled to obtain is the date and amount of any loan. Therefore, Plaintiffs should be reasonable in accepting alternative forms of the same information if Formula Funding prefers to provide that information in a format that does not include bank account or other personal financial information. Formula Funding may produce information subject to the Protective Order in this case with appropriate redactions and an "attorney's eyes only" designation. The deadline for Formula Funding to produce responsive documents is **January 19, 2022**. If meeting that deadline is not feasible, Formula Funding should contact the Court at efile_goddard@casd.uscourts.gov in order to request an extension. Plaintiffs are responsible for providing a copy of this Order and notice of the production deadline to Formula Funding.

### VI. Mike Wiser Subpoena

The Court did not issue any tentative ruling on the Mike Wiser subpoena in light of the parties' representations that they were in agreement on the requests.

### VII. Deadline to Serve Deposition Notices

As the Court discussed with the parties during the Discovery Conference, it is not inclined to extend the fact discovery deadline. The Court understands that although all but one of the depositions the parties intend to take have been tentatively scheduled pursuant to the Court's October 27, 2021 Order extending the case schedule and requiring the parties to lodge a list of deposition dates with the Court, deposition notices have not yet been served. Accordingly, the parties' deadline to serve deposition notices is **January 7, 2022**. Any party who has previously served a deposition notice for an expired date must serve a new deposition notice for the current scheduled date.

Absent extraordinary circumstances, the Court will not grant further requests to extend the dates in the Scheduling Order.

### VIII. Conclusion

As the Court explained during the Discovery Conference, this Order is merely a memorialization of the Court's tentative rulings and the parties' informal agreements reached during the conference to avoid motion practice on the disputes, rather than a formal ruling on hypothetical motions to compel. For that reason, now that the pre-motion Discovery Conference has taken place, any party may ask for a hearing date on any dispute that was discussed during the conference. However, the Court notes that it has indicated its tentative rulings on all disputes raised thus far. Accordingly, should a party seek to engage in motion practice in the future in a way that conflicts with the agreements the parties reached during the conference, the Court is likely to impose sanctions if the moving party fails to present new arguments or evidence that would justify a request for the Court to rule contrary to the tentative rulings it has already given.

**IT IS SO ORDERED.**

Dated: January 6, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge