UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE LIN; et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>SUAVEI, INC., a Delaware Corporation; et al,<br><br>                    Defendants. | Case No.: 3:20-cv-0862-L-AHG<br><br>**ORDER DENYING MOTION TO INTERVENE [ECF NO. 94]** |

Pending before the Court is a Motion to Intervene brought by NBK Innovation XIII, LLC; Dojo Ventures Fund II, LLC; SU Fund I; A Series of Incisive Ventures LP; Antonio Salerno; Susan Leiby; Alessco, Inc.; Defined Benefit Plan; Robert Hess, and MJ Jamiolkowski FLP (collectively "Proposed Intervenors")[ECF No. 94]. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **DENIES** Proposed Intervenors' Motion.

I. **FACTUAL BACKGROUND**

Defendant Suavei ("Suavei") is described as an internet security company, founded in 2016. (Second Amended Complaint "SAC" at ¶ 31). Defendants Afonso Infante and Wong were the cofounders and the only board members of Suavei. (SAC at ¶¶ 21, 22).

This case stems from Plaintiffs Jade Lin, Jay Li, and Minh Hong's (collectively "Plaintiffs") investment of $755,000 in an electronic data security device developed by Suavei. (SAC at ¶1).

The security device in question is described as a self-configuring threat management solution for wirelessly connected devices (the "Technology"). (SAC at ¶31). Suavei advertised that the Technology rapidly assesses, finds and mitigates vulnerabilities in Critical Network Infrastructure, including capabilities that protect IoT ("Internet of Things") Cybersecurity Market, and the broader Vulnerability Management Market. (SAC at ¶¶ 33, 34). According to Plaintiffs, they relied on the representations by Suavei that the Technology was user ready when deciding to make investments in the company. (SAC at ¶ 54). However, on February 25, 2020, Infante, on Suavei's behalf, disclosed that the Technology was still in a monolithic architecture stage, incapable of efficient and automatic scaling to hundreds of thousands of devices. (SAC at ¶¶ 62, 63).

## II. PROCEDURAL BACKGROUND

On May 7, 2020, Plaintiffs filed a Complaint against Infante, Wong, and Suavei alleging: (1) fraudulent inducement; (2) fraudulent concealment; (3) breach of fiduciary duty; (4) breach of duty of loyalty; and (4) negligent misrepresentation. (See Complaint [Doc. 1].) The Court dismissed the Complaint *sua sponte* with leave to amend for lack of subject matter jurisdiction on May 8, 2020. [ECF NO. 3.] On May 11, 2020, Plaintiffs filed a First Amended Complaint. [ECF No. 4.] On June 29, 2020, Plaintiffs filed a request to file a Second Amended Complaint, which the Court granted on October 8, 2020. [ECF Nos. 14, 30.] On October 9, 2020, Plaintiffs filed a Second Amended Complaint. On October 23, 2020, Defendants filed a motion to dismiss. [ECF No. 33.] On September 1, 2021, the Court granted in part and denied in part Defendants' motion to dismiss, and dismissed Defendant Wong. [ECF No. 54.]

On July 22, 2022, Plaintiffs filed a notice of settlement and a motion for summary judgment. [ECF Nos. 84, 85.] On July 26, 2022, the Court granted counsel for Suavei's

motion to withdraw because Suavei was no longer able to pay for its defense. [ECF Nos. 83, 88.] On August 15, 2022, Counter-Claimant Frank DeJoy ("DeJoy") filed a motion for entry of default against Defendant Suavei. [ECF No. 91.] On September 15, 2022, Plaintiffs filed a motion for entry of default against Suavei. [ECF No. 93.]

On September 19, 2022, Proposed Intervenors filed the present motion. [ECF No. 94.] On September 26, 2022, Plaintiffs and Counter-Claimant DeJoy filed responses in opposition to the motion for intervention. [ECF Nos. 97. 98.] On October 3, 2022, Proposed Intervenors filed a reply. [ECF No. 100.]

### III. LEGAL STANDARD

A motion for intervention may be sought either (1) as of right or (2) permissively. Fed.R.Civ.P. 24. Rule 24(a) states:

> Intervention of Right. On timely motion, the court must permit anyone to intervene who:(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a).

Alternatively, a Court may grant permissive intervention under Rule 24(b), which states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b).

### IV. DISCUSSION

Proposed Intervenors seek to intervene in this action to protect their interests in Suavei and its assets. Proposed Intervenors claim they are holders of $1,173,500 in securities of Suavei which they completed as of May 31, 2021, a year after the Lin Plaintiffs filed the present action. (Mot. at 1). The Proposed Intervenors filed a securities

3

fraud action against the same Defendants named in this action in the U.S. District Court for the District of Nevada on August 30, 2022. (*Id*.)   Proposed Intervenors argue their financial interests have been jeopardized by the withdrawal of Suavei's counsel, the actions of Defendants Suavei and Infante who have entered a settlement whereby Infante will be dismissed from the case, and the Lin Plaintiffs and counter-claimant De Joy will obtain default judgments against Suavei. (*Id*). According to Proposed Intervenors, the Lin Plaintiffs and DeJoy will presumably seek to enforce those judgments and execute on the remaining assets of Suavei to the detriment of Proposed Intervenors. (*Id*.)

**A.**  *Intervention as of Right*

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: '(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  A proposed intervenor has the burden to show that these four elements are met. *Id*. Generally, "the requirements are broadly interpreted in favor of intervention." *Id*.

  1.  Timeliness

Timeliness is a threshold issue, therefore, a court does not need to reach the other issues if it finds untimeliness. *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  "A party must intervene when he knows or has reason to know that his interests might be adversely affected by the outcome of litigation." *United States v. Alisal Water Corp.,* 370 F.3d 915, 923 (9th Cir. 2004). A court must consider the totality of the circumstances when determining the timeliness of a motion to intervene, focusing on "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the

delay." *Western Watersheds v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (citing *Smith v. Los Angeles Unified School District*, 830 F.3d 843, 854 (9th Cir. 2016). "[M]ere lapse of time, without more, is not necessarily a bar to intervention." *Alisal*, 370 F.3d at 921. "The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir. 1999).

Considering the totality of the circumstances, the Court finds that the Proposed Intervenors motion was not timely filed for the following reasons.

### 2. Stage in the proceedings

A court must engage in a nuanced and pragmatic approach when considering whether the stage in the proceedings cautions against intervention. *Wilson*, 131 F.3d at 1303. Rather than promote form over substance with regard to procedural matters, the court should focus on what has already occurred, instead of what has yet to occur. *Id*. Where a "district court has substantively—and substantially—engaged the issues in th[e] case," a delay can weigh strongly against intervention. *Western Watersheds*, 22 F.4th at 836.

Proposed Intervenors argue that the stage in the proceedings does not factor against intervention because the Lin Plaintiffs' and Counterclaimant DeJoy's motions for default have not been ruled upon, nor has there been any motion for default judgment, therefore, the proceedings will not be affected by their intervention. (Mot. at 9).

The Lin Plaintiffs respond that it is too late in the proceedings for intervention because the "Plaintiffs filed amended complaints, conducted significant discovery against Defendant and third parties, participated in motion practice, and prolonged settlement negotiations," noting that the "action is finally coming to a close." (Lin Oppo. at 8). DeJoy argues that fact and expert discovery closed a long time ago, and the case is "at its very last and concluding stage" with a settlement and motions for default judgment pending. (DeJoy Oppo. at 6).

The case is in its eleventh hour. Considerable time and resources have been expended on litigation. The parties came to a resolution and notified the Court of their settlement on July 20, 2022. Only after the Notice of Settlement was filed did Proposed Intervenors seek to intervene. This Court has substantively and substantially addressed the issues in this case during extensive motion practice, therefore, intervention at this late stage of the proceedings would halt the progress of this case which is on the brink of resolution. *Wilson,* 131 F.3d at 1303("the fact that the district court has substantively—and substantially—engaged the issues in this case weighs heavily against allowing intervention as of right under Rule 24(a)(2)".) This factor weighs heavily against granting the Proposed Intervenors request.

### 3. Prejudice

"[P]rejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'" *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984). "[I]f granting a belated motion to intervene would threaten the delicate balance reached by existing parties after protracted negotiations, this factor may weigh against intervention. *Smith*, 830 F.3d at 857.

Proposed Intervenors argue that they seek only declaratory/injunctive relief which would result in a judicial determination of the respective rights of the Lin Plaintiffs, DeJoy and the Intervenor Plaintiffs to enforce default judgments as to the remaining assets of Suavei, which would not prejudice the parties. (Reply at 6). (*Id.*). Proposed Intervenors also contend that allowing them to intervene will not cause prejudice to the Lin Plaintiffs or DeJoy because their Motions for Default have not been adjudicated. (*Id.* at 9).

The Lin Plaintiffs counter that permitting Proposed Intervenors to enter the case now would require additional litigation, resulting in extreme prejudice. (Lin Oppo. at 8). DeJoy contends that the prejudice that would arise if intervention is allowed due to complication of the lawsuit, delay, and added expense in litigating the Proposed Intervenors' claims. (DeJoy Oppo. at 7).

Allowing Proposed Intervenors to join the case would prejudice the parties that have been actively litigating the case and are now poised to finally resolve the matter. While Proposed Intervenors argue that any assertions that intervention will require discovery or motion practice are "overblown," they do not refute the assertion that discovery may be required, which would delay the conclusion of this action. Moreover, granting this belated motion to intervene would threaten the delicate balance reached by the parties after protracted settlement negotiations. *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)(fact that proposed intervenor waited until all the parties had come to an agreement after five years of litigation weighed heavily against intervention); *Smith*, 830 F.3d at 857. This factor weighs against intervention as of right.

### 4. Reason for Delay

"The third timeliness factor considers 'the length of, and explanation for, any delay in seeking intervention.'" *Western Watersheds*, 22 F.4th at 839 (*quoting Smith*, 194 F.3d at 1051–52. "In evaluating this factor, courts are to measure the length of an intervenor's delay by reference to the point at which the intervenor knew, or reasonably should have known, that its interests were not being adequately represented by existing parties." *Western Watersheds*, 22 F.4th at 839.

Proposed Intervenors claim that it was not until July 15, 2022, when Suavei's counsel moved to withdraw from this action, that they learned their rights might be impaired. (Reply at 1). They claim they filed as soon as practicable after being notified of the change. (*Id*. at 3-4). Proposed Intervenors contend that they did not move to intervene earlier because they believed the parties were working toward a global settlement of the entire action which would have benefitted Proposed Intervenors by extinguishing the Plaintiff's convertible debt obligations, thereby improving the balance sheet of Suavei and increasing equity in the company. Proposed Intervenors claim that they do not seek to stop the proposed settlement, but object to the entry of default judgments against Suavei because execution of those judgments will dissipate the remaining assets of the company. (Mot. at 1).

In response, Plaintiff Lin contends that Proposed Intervenors knew their interests would be adversely affected over a year ago when they were informed of the action by Plaintiff's subpoenas, not when Suavei's counsel withdrew. (Lin Oppo. at 5-6). The Lin Plaintiffs and DeJoy state that Proposed Intervenor Dojo Ventures Fund was informed about the action in September 2021 by Plaintiffs who warned them about Defendants fraudulent scheme. (*Id.*; DeJoy Oppo. at 4) In October 2021, Lin Plaintiffs subpoenaed Dojo Ventures Fund, Incisive Ventures and Band of Angels which put them on notice of the action. (*Id.*) For this reason, the Lin Plaintiffs argue that the request is untimely because Proposed Intervenors chose to do nothing until Plaintiffs filed the Notice of Settlement despite being aware of the pendency of this litigation.

This case has been pending for well over two years. Considerable motion practice has occurred during that time, including multiple motions to dismiss. Yet on May 31, 2021, more than a year after the Lin Plaintiffs filed the present action, Proposed Intervenors completed their $1,173,500 in securities investments in Suavei. Proposed Intervenors were aware of issues concerning Suavei, and this litigation, from as early as August 27, 2021, when Plaintiff Jade Lin sent an email to Brian Mac Mahon of Proposed Interveor Dojo which stated in part: "Setting aside the fraud action altogether, there appears to be strange things happening on the financial side of this company. Again, my conscience compels me to caution any and all fellow Suavei investors/advisors. Please be very careful." (LeJeune Dec. Ex. F. at 6 [97-7.])

By October 25, 2021, Proposed Intervenors knew, or reasonably should have known, that their significant investments were at risk when Dojo Inc., Incisive Ventures, Band of Angels were issued subpoenas in this case. Yet despite their significant investments, and their awareness of the pendency of this action stemming in part from the issuance of subpoenas to some of the Proposed Intervenors, they did not move to intervene until September 19, 2022. Although Proposed Intervenors claim that their delay is excusable because it was only when Suavei lost its legal representation and agreed to the default judgment that their protectable interests were impaired, a proposed intervenor

has a duty to *promptly* join proceedings when he has reason to know that his interests *might* be adversely affected by the outcome of the litigation, which was well before July 26, 2022, when they received notice that Suavei lost legal representation. *Alisal Water Corp.*, 370 F.3d at 923(party on constructive notice must not delay intervention).

The Court recognizes that Proposed Intervenors have significant investments in Suavei, but for that very reason, it is inexplicable that they waited so long to move to protect their financial interests. Considering the totality of the circumstances, including the fact that the case is in the final stage of litigation, the potential prejudice to the Lin Plaintiffs and DeJoy, along with Proposed Intervenors lengthy delay in moving to intervene despite awareness of the litigation against Suavei, the motion to intervene is untimely. *Western Watersheds*, 22 F.4th at 836. Because the motion is untimely, the Court does not address the remaining intervention as of right factors.

**B.**    *Permissive Intervention*

Federal Rule of Civil Procedure 24(b)(2) governs a party's request to intervene by permission of the court. Rule 24(b)(2) provides:

> Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2).

In the Ninth Circuit, "there are three necessary prerequisites for allowing permissive intervention pursuant to Federal Rule of Civil Procedure 24(a)(2): 1[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Wilson*, 131 F.3d at 1308. "Permissive intervention is committed to the broad discretion of the district court." *County of Orange*, 799 F.2d at 539. In determining

timeliness under Rule 24(b)(2), a court must consider the same three factors as with intervention as of right—"the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." *Id*. However, the timeliness element is analyzed more strictly in the context of permissive intervention than for intervention as of right. *See Wilson,* 131 F.3d at 1308.

As discussed in detail above, Proposed Intervenors motion is untimely, therefore, the Court denies the motion for permissive intervention.

## V.     CONCLUSION AND ORDER

For the foregoing reasons: the Court **DENIES** Proposed Intervenors Motion to Intervene.

**IT IS SO ORDERED**

Dated:  February 9, 2023

Hon. M. James Lorenz
United States District Judge