# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE LIN, et al.,<br><br>    Plaintiffs,<br>v.<br>SUAVEI, INC.,<br>    Defendants. | CASE NO. 3:20-cv-00862-L-AHG<br><br>**ORDER:**<br>  **(1) GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST SUAVEI, INC; [ECF NO 93]**<br><br>  **(2) GRANTING COUNTER-CLAIMANT FRANK DE JOY'S MOTION FOR ENTRY OF DEFAULT AGAINST SUAVEI, INC [ECF NO 91]; and**<br><br>  **(3) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS MOOT [ECF NO. 85]** |
| Suavei, Inc., a Delaware corporation,<br>    Third-Party Plaintiff,<br>v.<br>Frank DeJoy, an individual,<br>    Third-Party Defendant. | |
| Frank DeJoy, an individual,<br>    Counter-Claimant,<br>v. | |

| | |
|---|---|
| Suavei, Inc., a Delaware Corporation, | ) |
| Counter-Defendant. | ) |

Pending before the Court are Motions for Entry of Default against Defendant Suavei ("Suavei") filed by Plaintiffs Jade Lin, Jay Li, Minh Hong ("Plaintiffs") and Counter-claimant Frank DeJoy ("DeJoy"). [ECF Nos. 91, 93.] The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court GRANTS the Motions for Entry of Default and Strikes the Answer.

I. **RELEVANT BACKGROUND**

On May 7, 2020, Plaintiffs filed a Complaint against Afonso Infante, Allison Wong, cofounders and the only board members of Suavei, and Suavei alleging: (1) fraudulent inducement; (2) fraudulent concealment; (3) breach of fiduciary duty; (4) breach of duty of loyalty; and (4) negligent misrepresentation. (See Complaint [Doc. 1].) The Court dismissed the Complaint sua sponte with leave to amend for lack of subject matter jurisdiction on May 8, 2020. [ECF NO. 3.] On May 11, 2020, Plaintiffs filed a First Amended Complaint. [ECF No. 4.] On June 29, 2020, Plaintiffs filed a request to file a Second Amended Complaint, which the Court granted on October 8, 2020. [ECF Nos. 14, 30.] On October 9, 2020, Plaintiffs filed a Second Amended Complaint. On October 23, 2020, Defendants filed a motion to dismiss. [ECF No. 33.] On September 1, 2021, the Court granted in part and denied in part Defendants' motion to dismiss, and dismissed Defendant Wong, leaving only Suavei and Infante as Defendants. [ECF No. 54.]

On July 15, 2022, counsel for Suavei filed a Motion to Withdraw. [ECF No. 83.] On July 22, 2022, Plaintiffs filed a notice of settlement and a motion for summary judgment. [ECF Nos. 84, 85.] On July 26, 2022, the Court granted the motion to withdraw in part because Suavei was no longer able to pay for its defense. [ECF No.

88.] On August 15, 2022, Counter-Claimant Frank DeJoy ("DeJoy") filed a motion for entry of default against Defendant Suavei. [ECF No. 91.] On September 15, 2022, Plaintiffs filed a motion for entry of default against Suavei. [ECF No. 93.] On November 10, 2022, a Joint Stipulation of Dismissal of Defendant Afonso Infante was filed in this Court. [ECF No. 103.] The Notice states that "Plaintiffs and Individual Defendant Afonso Infante ("Infante") (together, the "Parties") have reached a settlement agreement, which results in the dismissal of Infante from this action" [*Id.*]

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). If a corporation fails to appear through counsel, its answer may be stricken and a default judgment entered against the party. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *see also* Civil Local Rule 83.3j ("[A]ll other parties, including corporation, partnerships and other legal entities may appear in court only through an attorney[];" D-*Beam Ltd. Partnership v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004)("It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'")

## III.  DISCUSSION

Plaintiffs and DeJoy seek entry of default based on Suavei's lack of counsel and abandonment of its defenses. (Plaintiff Motion at 1 [ECF No 93-1]; DeJoy Motion at 2 [ECF No. 91-1].) In light of Suavei's abandonment of its defenses, Plaintiffs and DeJoy request that the Answer be stricken. (Pl. Mot. at 5; DeJoy Mot. at 4). Plaintiffs further request that the Court grant the pending motion for summary judgment because Suavei has not responded to the motion, therefore, there are no genuine disputes of material fact. (Pl. Mot. at 5-6).

It is undisputed that Suavei is without counsel to defend itself in this action. Furthermore, in the motion to withdraw, Suavei's counsel represented that Suavei was no longer able to pay for its defense, and that Suavei did not intend to defend against Plaintiffs' or DeJoy's claims. (Mot. Withdraw at 5-6 [ECF No. 83.]) Afonso Infante stated:

1. I am the lone principal for Suavei, Inc., meaning I serve as Suavei's only officer, including as Suavei's Chief Executive Officer, and only board member. I knowingly and freely assent to the termination of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, including attorneys David Aveni and Michael McCloskey's representation of Suavei in this matter, and I instructed Wilson Elser to withdraw as counsel, as Suavei has no further means of paying for its defense. I understand that by assenting to the termination of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, including attorneys' David Aveni and Michael McCloskey's representation of Suavei in this matter, Suavei will no longer be represented by counsel, and *will not be able to defend* itself in this matter. Suavei *does not intend to defend itself against the pending claims*.

2. *Should Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, including attorneys David Aveni and Michael McCloskey be permitted to withdraw as counsel, Suavei does not intend to present a defense to Plaintiffs claims or Third-Party Defendant Frank DeJoy's counterclaims*. I understand this means if Plaintiffs or Frank DeJoy choose to continue to pursue their claims*, a default judgment may be entered against Suavei.*

(Infante Dec. at 2, 3 [ECF No. 83-2])(emphasis added).

First, Suavei no longer has counsel as required to continue in this action, therefore, the Court may enter default judgment against Suavei. *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007). Moreover, it is clear from Infante's declaration that Suavei has abandoned its defenses against the claims raised by Plaintiffs and DeJoy, supporting entry of default pursuant to Fed. R. Civ. P. 55. See, *Employee Painters, Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Fed.R.Civ.P.55. In light of the abandonment of its defenses, the Court further strikes the Answer. *Ethan Enterprises, Inc.*, 480 F.3d at 998.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for entry of default against Suavei, **GRANTS** Counter-Claimant Frank DeJoy's motion for entry of default against Suavei, Orders that the Answer be STRICKEN, and **DENIES** Plaintiffs motion for summary judgment as moot.

IT IS SO ORDERED

Dated:  February 9, 2023

_____
Hon. M. James Lorenz
United States District Judge