UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE LIN, et al,<br><br>            Plaintiffs,<br><br>v.<br><br>SUAVEI, INC., et al,<br><br>            Defendants. | Case No.:  3:20-cv-0862-L-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL [ECF NO. 120-1.]** |

Pending before the Court is Counterclaimant Frank DeJoy's ("DeJoy") motion to seal.  (Mot. Seal at 2 [ECF No. 120-1 ("Mot.")].)  Neither Plaintiffs nor Defendant Suavei filed an opposition.  For the reasons stated below, the motion is granted in part and denied in part.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).[1]  The lack of opposition to a motion to seal therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins.*

---

[1] Unless otherwise noted, internal quotation marks, citations, brackets, ellipses and footnotes are omitted throughout.

1

*Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The compelling reasons standard applies to documents filed in relation to any motion except a motion that is only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "Under this exception, a party need only satisfy the less exacting 'good cause' standard" under Federal Rule of Civil Procedure 26(c). *Id.* at 1097. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

The documents DeJoy requests to seal were filed in support of DeJoy's motion for default judgment. (*See* Motion. [ECF No. 120-1.]) Here, the motion is related to the merits, accordingly the Court applies the "compelling reason" standard. *See Kamakana*, 447 F.3d at 1179.

DeJoy seeks to have the following filed under seal:

1. Exhibit A, in its entirety. Exhibit A is prepared by DeJoy's accountants regarding his damages and includes financial documents supporting DeJoy's economic loss claims. Exhibit A includes bank statements, financial documents, documents showing loss of job opportunity because of pending third-party complaint, all of which protected from disclosure by right to privacy of financial documents, legal invoices protected from disclosure by

attorney-client privilege)[sic];

2. Exhibit B, two exhibits marked at the deposition of Afonso Infante on January 25, 2022, B:231-232 (Suavei's financial statements) and 233-251 (Suavei's confidential trade secret, commercially sensitive materials);

3. Exhibit C, in its entirety.  Exhibit C is the transcript of deposition testimony of Afonso Infante on January 26, 2022 which was marked "Confidential" pursuant to the protective order [ECF No. 51] and confidential exhibits introduced during the deposition on January 26, 2022;

4. Exhibit D, pages 402, 404-440, 472-474, 476, 478, 480, 482, 484-485, 487-490, 492-496 which are financial documents of Suavei and marked confidential by Suavei's counsel;

5. Exhibit E, in its entirety, pages 497-506, which are legal invoices from the law firm of Rutan Tucker and protected from disclosure by attorney-client privilege and work product doctrine; and

6. Exhibit F, in its entirety, which are legal invoices from the law firm of Ropers Majeski for professional services rendered from July 1, 2023 to present, and protected from disclosure by attorney-client privilege and work product doctrine.

(*Id*. at 4-5).

DeJoy argues that the financial documents in Exhibit A warrant sealing because they are entitled to the right to privacy as personal financial documents. (Mot. to Seal at 4-5 [ECF No. 120-1.]) District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings. *See Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-cv-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("[C]ompelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2

1  (N.D. Cal. Nov. 1, 2007) (finding compelling reasons to seal home addresses and
2  financial account information). Such information is therefore sealable under the
3  "compelling reason" standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Therefore,
4  Court GRANTS DeJoy's motion to seal Exhibit A in its entirety.

5      DeJoy requests that the Court seal portions of Exhibits B and D because they
6  purportedly contain Suavei's financial documents and "confidential trade secret,
7  commercially sensitive materials." (Mot. Seal at 4-5).  Although trade secrets,
8  commercially sensitive materials, and materials marked confidential may be sealed where
9  "compelling reasons" are found, a particularized factual showing is required. *Foltz v.*
10 *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). DeJoy has not
11 sufficiently supported his request to seal these documents with particularity, therefore,
12 the Court DENIES his request.

13     DeJoy argues that Infante's deposition testimony in Exhibit C should be sealed in
14 its entirety because the deposition is subject to a protective order.  (Mot. to Seal at 4.)
15 That a document is designated confidential pursuant to a protective order is of little
16 weight when it comes to sealing court filings.  *See San Jose Mercury News, Inc. v. U.S.*
17 *Dist. Ct.(Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*,
18 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v.*
19 *Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003).  By nature, protective
20 orders are over inclusive, *see Beckman*, 966 F.2d at 476, because prior to signing, the
21 judge typically does not have the opportunity to analyze whether any particular document
22 should be sealed.  *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at
23 1133. "Several legal sources bear upon the decision to seal or unseal a document,
24 including Fed.R.Civ.P. 26, the common law right, and the First Amendment. *San Jose*
25 *Mercury News*, 187 F.3d at 1101–02; *Chicago Tribune Co. v. Bridgestone/Firestone,*
26 *Inc.*, 263 F.3d 1304, 1309–10 (11th Cir.2001)).

27     The Court has reviewed Infante's deposition in Exhibit C and finds that DeJoy's
28 reliance on the protective order is insufficient to warrant sealing of Exhibit C. DeJoy has

not identified with particularity any material contained within the transcript that should be sealed. Instead, the broad "allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*, 966 F.2d at 476. The Court therefore DENIES DeJoy's request to seal the entirety of Exhibit C.

Finally, DeJoy requests that the invoices supporting his request for attorneys' fees and costs from law firm Rutan Tucker, Exhibit E pages 497-506, and Ropers Majerski, Exhibit F in its entirety, be sealed under the attorney-client privilege and work-product doctrines. (Mot. at 5). District courts in the Ninth Circuit have found attorney–client privilege and the work-product doctrine sufficiently justify sealing, even under the higher "compelling reason" standard. See *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 15-16688, 2017 WL 5712130, at *4 (9th Cir. Nov. 28, 2017) (affirming sealing decision where "[t]he special master found that HP provided compelling reasons to justify its sealing motion, including that the documents at issue included ... material protected by the attorney–client privilege and the work product doctrine.") Accordingly, the Court GRANTS DeJoy's request to seal Exhibit E pages 497-506 and Exhibit F in its entirety.

For the foregoing reasons, the Court **GRANTS** the request to seal Exhibit A in its entirety, Exhibit E pages 497-506 and Exhibit F in its entirety, and **DENIES** the request in all other respects.

**IT IS SO ORDERED.**

Dated:  November 13, 2023

Hon. M. James Lorenz
United States District Judge